## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Bree Omene** | : | |
| **43300 Southern Walk Plaza** | : | |
| **Broadlands, VA** | : | |
|     **Plaintiff,** | : | |
| | : | **Civil Action:** |
| **v.** | : | |
| | : | **Jury Demanded** |
| **Accenture Federal Services** | : | |
| **800 Connecticut Ave., NW, Suite 600** | : | |
| **Washington, DC 20006** | : | |
|     **Defendant.** | : | |

## <u>COMPLAINT</u>

Bree Omene ("Plaintiff") brings her causes of action against her former employer, Accenture Federal Services, alleging discrimination on the basis of her age, race, national origin and disability in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, the Age Discrimination in Employment Act, and the Americans with Disabilities Act, as well as retaliation.

## I.     JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of the instant complaint pursuant 28 U.S.C. § 1331 because the plaintiff brings an action arising under the laws of the United States.

2.     Venue is proper in this District pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391 because the Defendant conducts its business within the District, the unlawful employment practices were committed in the District, and the employment records were maintained, in whole or in part, in this District.

## II.     PARTIES

3.     Plaintiff, Bree Omene, is a citizen of the United States. She resides in Virginia and

1

is over the age of majority. Plaintiff's employment with Defendant ended in November 2016.

4.      Defendant, Accenture Federal Services, is a wholly owned subsidiary of Accenture, LLP.  It maintains a place of business in the District of Columbia and performs government services in the District of Columbia.

## III.   ADMINISTRATIVE REMEDIES

5.      Plaintiff has exhausted all administrative remedies. Plaintiff filed a Charge of Discrimination with the EEOC and the EEOC issued a Notice of Rights on July 24, 2018. Plaintiff has timely filed her complaint of discrimination.

## IV.   FACTS

6.      When Defendant hired Plaintiff, Defendant assigned her to work on a project for the United States Postal Service ("USPS").

7.      Plaintiff's supervisor or project manager was Johnny Wen.  Although Plaintiff's work on the project was satisfactory, Mr. Wen terminated her from the project, though not the company.  Mr. Wen expressed the belief that Plaintiff was too old.  Plaintiff was 51 at the time Mr. Wen removed her from the project.  Her peers or the other members of the team were in there 30s.

8.      Mr. Wen is an Asian male and Plaintiff, was born in England, but of African descent.  Mr. Wen also indicated that the USPS team should be comprised only of Asians.

9.      After Mr. Wen removed Plaintiff form the project, Defendant her to an alternate project known as PCORI.

10.     Although Plaintiff's work was again satisfactory, Plaintiff was subjected to intimidation and harassment by her manager.  Plaintiff's manager, a white female. Overly scrutinized her work, yelled at her, assigned deadlines and work that were not possible to complete, and took other steps designed to ensure her failure in the position and termination.

2

11.     Plaintiff's manager, on one occasion told her that she intended to replace her.  She ultimately hired a man of Indian descent to replace her.  Plaintiff's peers on the PCORI project were not of African descent, from England or over 50 and Plaintiff's manager treated them more favorably.

12.     Plaintiff complained to Human Resources about the harassment and discrimination to no avail.

13.     The stress caused from the harassment and discrimination made it difficult for Plaintiff to continue working.  She sought medical treatment and her doctor placed her on disability leave.

14.     In November of 2016, Plaintiff's doctor updated Defendant with information concerning her medical condition.  Following the update, Defendant terminated Plaintiff's employment.

## IV.     CLAIMS

### COUNT I – AGE DISCRIMINATION UNDER THE ADEA

15.     Plaintiff incorporates and re-alleges paragraphs 1 through 14 as if fully set forth herein and further alleges as follows:

16.     Defendant removed Plaintiff from the USPS project because she was not young enough or as young as her peers in their thirties.  Defendant's agents informed Plaintiff that they desired both younger individuals on the project.  Plaintiff's peers on the PCORI project were similarly younger and Plaintiff was similarly ostracized because of her age and status as a mother with children.

17.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary loses and other damages. Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory damages to make her whole in

3

addition to attorney fees and costs.

## COUNT II –RACE, COLOR AND NATIONAL ORIGIN DISCRIMINATION AND HARASSMENT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED.

18.     Plaintiff incorporates and re-alleges paragraphs 1 through 14 as if fully set forth herein and further alleges as follows:

19.     Plaintiff's USPS supervisor told Plaintiff that he wanted individuals of Asian descent on the project team prior to removing her from the same.

20.     Plaintiff's supervisor on the PCORI team subjected Plaintiff to harassment and discriminated against Plaintiff because of her race and national origin, to include replacing her on the PCORI project with a man of Asian descent.

21.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary loses and other damages. Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory damages to make her whole in addition to attorney fees and costs.

## COUNT III – RACE, COLOR AND NATIONAL ORIGIN DISCRMINATION AND HARASSMENT  UNDER 42 USC 1981.

22.     Plaintiff incorporates and re-alleges paragraphs 1 through 14 as if fully set forth herein and further alleges as follows:

23.     Plaintiff's USPS supervisor told Plaintiff that he wanted individuals of Asian descent on the project team prior to removing her from the same.

24.     Plaintiff's supervisor on the PCORI team subjected Plaintiff to harassment and discriminated against Plaintiff because of her race and national origin, to include replacing her on the PCORI project with a man of Asian descent.

4

25.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary loses and other damages. Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory damages to make her whole in addition to attorney fees and costs.

## COUNT IV – DISABILITY DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT.

26.     Plaintiff incorporates and re-alleges paragraphs 1 through 14 as if fully set forth herein and further alleges as follows:

27.     Plaintiff is a qualified person with a disability.  She suffered severe emotional stress and depression and her temporary disability impacted major life activities.

28.     Defendant treated individuals working on the PCORI project, without a temporary disability more favorably than Plaintiff and further failed to provide Plaintiff a reasonable accommodation to accommodate her period of disability.

29.     Defendant ultimately terminated Plaintiff because of her temporary disability.

30.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary loses and other damages. Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory damages to make her whole in addition to attorney fees and costs.

## COUNT V- VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT AND DC FAMILY AND MEDICAL LEAVE ACT.

31.     Plaintiff incorporates and re-alleges paragraphs 1 through 14 as if fully set forth herein and further alleges as follows:

32.     Plaintiff was entitled to twelve weeks under federal law and sixteen weeks under District of Columbia law as a result of her temporary medical disability.

5

33.     Defendant was required to maintain Plaintiff's employment during the period of her disability and allow Plaintiff use of leave because of her disability.

34.     Defendant terminated Plaintiff in violation of the Family and Medical Leave Act and the District of Columbia Family and Medical Leave Act.

35.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary loses and other damages. Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory damages to make her whole in addition to attorney fees and costs.\

**COUNT VI- RETALIATION UNDER TITLE VII, THE ADEA, THE ADA, THE FMLA and DC FMLA**

36.     Plaintiff incorporates and re-alleges paragraphs 1 through 14 as if fully set forth herein and further alleges as follows:

37.     Plaintiff complained to Defendant's Human Resources office concerning the discriminatory and harassing treatment her managers subjected her to.  Human Resources failed to take action to investigate the complaints of harassment or otherwise promptly prevent and correct the same.

38.     Instead of alleviating or eliminating the harassment and discrimination, Defendant terminated Plaintiff's employment as a result of her complaints.

39.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary loses and other damages. Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory damages to make her whole in addition to attorney fees and costs.

**V.**
**VI.     RELIEF**

6

a.      Plaintiff requests a declaratory judgment determining that Defendant discriminated and retaliated against Plaintiff and an order enjoining Defendant from further discrimination and retaliation against plaintiff.

b.      Plaintiff seeks equitable relief from Defendant in the form of back pay and front pay.

c.      Plaintiff seeks compensatory damages for pain and emotional suffering in amounts to be determined at trial.

d.      Plaintiff seeks punitive damages to deter Defendant from future conduct.

e.      Plaintiff seeks attorney's fees and costs in amounts to be later determined.

f.      Plaintiff requests other and further relief as justice may require.


Dated this 22nd day of  October, 2018.


/s/Eden Brown Gaines_____
Eden Brown Gaines #489862
Brown Gaines, LLC
10 G Street, NE, Suite 600
Washington, DC 20002
Main (202) 248-5040
Fax (301) 542-0032
egaines@browngaines.com

## **CERTIFICATE OF SERVICE**

        I do hereby certify that the Amended Complaint will be served with summons and usual process pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.


  _/s/Eden Brown Gaines _____
Eden Brown Gaines

7